UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-v-**

**2004 CADILLAC DEVILLE,**
**VIN 1G6KD54Y54U246487, et al.,**

        **Defendants.**

Case No. 3:05-CV-233

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING MILDRED AND ALLEN SNOWS' MOTION TO VACATE STAY (Doc. #20) AND FINDING MILDRED AND ALLEN SNOWS' MOTIONS TO DISMISS (Doc. #19) AND FOR RETURN OF PROPERTY (Doc. #21) MOOT**

---

This is a civil action in rem brought to enforce the provisions of 21 U.S.C. § 881(a)(4) and (6) and 18 U.S.C. § 981(a)(1)(A)and/or (C) which provide for the forfeiture of various items of property used in or determined to be proceeds from certain illegal activities. This matter is currently stayed on the basis that civil discovery would adversely affect a related criminal investigation and prosecution. (Doc. # 16,)

Now before the Court are a Motion To Dismiss (doc. #19), a Motion To Vacate Stay (doc. #20) and a Motion for Return of Property (doc. # 21) filed by Claimants Mildred and Allen Snow (the "Snows"). The Motion To Vacate Stay must first be addressed before any action can be taken on the other two Motions.

The Snow's Motion To Vacate Stay indicates that the Stay should be lifted for reasons set forth in their Motion To Dismiss. In their Motion To Dismiss, the Snows argue that, if the Government has no intention of proceeding criminally against them, the Stay should be lifted.

However, the basis for the Stay is not the existence of a criminal proceeding against the Snows. The basis for the Stay is a criminal action related to the Circle of Friends drug conspiracy. Allegedly, assets arising out of the Circle of Friends drug conspiracy were found at the Snow's residence. Further, two of the alleged members of the Circle of Friends are Douglas Snow and Daniel Snow who are sons of the Snows.

Until the criminal action against the alleged members of the Circle of Friends is completed, civil discovery in this action would adversely effect the prosecution of the criminal action. Further, the Snows offer no evidence or argument that the Government is not proceeding criminally against the alleged members of the Circle of Friends. Therefore, failure to prosecute the Snows is not good reason to lift the Stay in this action.

The Snows also argue that the Stay should be lifted because the Government has attempted to conduct discovery regarding this civil forfeiture action. According to the Snows, Government agents came to their home on or about August 30, 2007, and openly discussed and questioned the Snows regarding this civil forfeiture action. However, the Government presents evidence that Government agents went to the Snow's residence on August 30, 2007, to discuss an alleged threat that Allen Snow had made on the life of one of the Government agents. At that time, Allen Snow denied making the threat and claimed that he was innocent of any criminal claims against him. The Snows have offered no evidence contrary to the evidence presented by the Government on this issue.

In addition to the argument presented, the Snows request that any and all Affidavits filed as a basis for the Stay be un-sealed. However, there are no sealed Affidavits that have been presented or filed for any reason in this civil matter.

The Snow's Motion To Vacate Stay is not well founded. It is, therefore, OVERRULED.

Further, since a Stay remains in effect, the Snows' Motions To Dismiss and for the Return of Property are MOOT. They, of course, may be renewed when the Stay is lifted.

**DONE** and **ORDERED** in Dayton, Ohio this Third day of March, 2008.

                                            **s/Thomas M. Rose**

                                            THOMAS M. ROSE
                                            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record